UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ADAM L. REESE,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:19-cv-297

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 10), Plaintiff's reply (doc. 12), the administrative record (doc. 7),[2] and the record as a whole.

I.

A. **Procedural History**

Plaintiff filed an application for SSI on April 3, 2015 alleging disability as a result of a number of alleged impairments including, *inter alia*, anxiety and depression. PageID 202-06, 765. After initial denial of his application, Plaintiff received a hearing before ALJ Benjamin Chaykin

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

on April 5, 2016.  PageID 73-114.  ALJ Chaykin issued a written decision on March 31, 2016 finding Plaintiff not disabled.  PageID 58-68.  After the Appeals Council denied Plaintiff's request for review, he appealed ALJ Chaykin's decision to this Court, which reversed the non-disability finding and remanded the case to the ALJ for further proceedings.  *Reese v. Comm'r of Soc. Sec.*, No. 3:17-CV-283, 2018 WL 2381896, at *4 (S.D. Ohio May 25, 2018).

On remand, Plaintiff received a hearing before ALJ Gregory Kenyon on May 21, 2019. PageID 785-817.  ALJ Kenyon issued a written decision on July 30, 2019 finding Plaintiff not disabled.  Specifically, ALJ Kenyon found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a full range of work with certain non-exertional limitations, "there are jobs that exist in significant numbers in the national economy that [he] can perform[.]"  PageID 767-75.  Plaintiff did not seek Appeals Council review of ALJ Kenyon's decision on remand and, instead, timely filed this appeal. *See* 20 C.F.R. § 416.1484(c) and (d) (in a case remanded by a Federal Court, "[i]f no exceptions are filed and the Appeals Council does not assume jurisdiction of [the] case, the decision of the [ALJ] becomes the final decision of the Commissioner after remand").  The non-disability finding by ALJ Kenyon (hereafter, "ALJ") is now before the Court for review.

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 763-76), Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 10), and Plaintiff's reply (doc. 12).  The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; [and]

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff asserts that the ALJ erred: (1) in weighing the opinion of treating psychiatrist Stephanie Fitz, M.D.; (2) by improperly weighing the opinions of record-reviewing psychologists Aracelis Rivera, Psy.D. and Lisa Foulk, Psy.D.; (3) by failing to adequately weigh the opinion of examining clinical psychologist Mary Ann Jones, Ph.D.; (4) by summarily dismissing the testimony of his mother; (5) in characterizing his anxiety as "minor" and "subjective"; and (6) by improperly making medical conclusions based on his treatment

4

records.  Finding error in the ALJ's analysis of Dr. Fitz's opinion, the undersigned does not reach the merits of Plaintiff's other alleged errors and, instead, directs that the ALJ consider Plaintiff's arguments on remand.

Under the regulations in effect prior to March 27, 2017 (and applicable to Plaintiff's application for benefits filed on April 3, 2015), the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]"  20 C.F.R. § 416.927(c)(2).

Thus, a treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record."  *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013).  Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician."  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.927(c).

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once."  *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions."  *Id*.  "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of

5

the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

In this case, Dr. Fitz first offered an opinion regarding Plaintiff's mental impairments on August 28, 2014. PageID 306-09. As of that date, Dr. Fitz assessed Plaintiff's Global Assessment of Functioning ("GAF") score[3] at 45 and opined that Plaintiff would, on average, be absent from work more than three times per month. PageID 307-08. In addition, Dr. Fitz opined that Plaintiff has marked to extreme limitations[4] with regard to numerous functional limitations. PageID 308-09. On November 11, 2018, Dr. Fitz issued another assessment of Plaintiff's mental functioning, again opining that Plaintiff would, on average, be absent more than three days of work per month. PageID 1447. Dr. Fitz also concluded that Plaintiff would be off-task an average of 20% of the workday because of his psychological impairments, and that he continued to have marked limitations in numerous areas of mental functioning. PageID 1448-49.

In weighing Dr. Fitz's opinion, the ALJ declined to afford it either controlling or deferential weight and, instead, rejected the opinion altogether, noting that "her opinions on [Plaintiff's] functional capacity drastically diverge with [Plaintiff's clinical reality]." PageID 773. In so

---

[3] GAF is a tool used by healthcare professionals to assess a person's psychological, social, and occupational functioning on a hypothetical continuum of mental illness. *See* Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000) ("DSM-IV"). "The most recent (5th) edition of the Diagnostic and Statistical Manual of Mental Disorders does not include the GAF scale." *Judy v. Colvin*, No. 3:13cv257, 2014 WL 1599562, at *11 (S.D. Ohio Apr. 21, 2014); *see also* Diagnostic and Statistical Manual of Mental Disorders 16 (5th ed. 2013) ("DSM-V") (noting recommendations "that the GAF be dropped from [DSM-V] for several reasons, including its conceptual lack of clarity... and questionable psychometrics in routine practice"). As set forth in the DSM-IV, a GAF score of 41-50 indicates "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." DSM-IV at 34.

[4] "Moderate" functional limitations are "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), whereas "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C), *et seq*. *See Holland v. Comm'r of Soc. Sec.*, No. 3:14-CV-246, 2015 WL 6891032, at *4 (S.D. Ohio July 6, 2015).

6

concluding, the ALJ determined that "[t]here is no objective evidence or findings[5] assessed by Dr. Fitz that would even come close to supporting 'extreme' or even 'marked' levels of functioning." *Id*. The evidence and findings referenced by the ALJ appear to be those noting that Plaintiff's "insight and judgment were intact and he was appropriately groomed with unremarkable speech"; and "[h]e was oriented in all spheres and his cognition was grossly intact and his abstract thinking was evidenced by his self-reporting." PageID 773. The ALJ concluded that these selected clinical findings "do not coincide" with Dr. Fitz's "pessimistic assessment of [Plaintiff's] mental functioning capabilities." *Id*. Thus, the ALJ concluded that Dr. Fitz's opinion was a mere reiteration of Plaintiff's "purely subjective complaints which portray him as less functional than he is"; and that Dr. Fitz offered "overly pessimistic functional assessments . . . in an effort to support her patient's . . . allegations of disability." *Id*.

Having extensively reviewed the record in this case, the undersigned is troubled by the ALJ's selective focus on Plaintiff's insight and capacity to the exclusion of numerous clinical findings supportive of a serious mental impairment. Specifically, treatment records consistently note Plaintiff's unkempt appearance; mildly anxious to very anxious mood; depressed mood; dysphoric mood; flat or constricted affect; thought content described as "word salad"; display of little emotion; display of suicidal thoughts; racing thoughts; and limited eye contact. PageID 360, 363, 399, 401, 420, 431, 443, 460, 471, 474, 554, 589, 595, 601, 617, 703, 707, 716, 728, 734, 740, 1035, 1038, 1049, 1052, 1055, 1066, 1070, 1077, 1082, 1090, 1106, 1108, 1111, 1114, 1119,

---

[5] The Sixth Circuit concludes that "a psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as a medical impairment" and "consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine." *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir.1989) (citation and alterations omitted). With regard to mental health impairments, "clinical and laboratory data may consist of the diagnosis and observations of professionals trained in the field of psychopathology." *Id*. (citation omitted).

1135, 1136, 1142, 1150, 1151, 1155, 1158, 1162, 1167, 1170, 1171, 1176, 1178, 1179, 1183, 1189, 1196, 1197, 1201, 1215, 1284-85, 1287, 1289, 1291, 1293, 1296, 1299, 1301, 1304.

These clinical observations consistently noted upon mental status examination demonstrate that Dr. Fitz's opinion is not based on "purely subjective complaints[.]" PageID 773. Accordingly, the undersigned is compelled to conclude that the ALJ's rejection of Dr. Fitz's opinion -- on the erroneous belief that she merely "reiterated [Plaintiff's] purely subjective complaints" -- is unsupported by substantial evidence. *See Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 526 (6th Cir. 2014) (finding error in the ALJ's conclusion that an opinion was "based solely on an unquestioning acceptance of Plaintiff's subjective complaints" where the opinion was, in fact, based "in part, on the observed physical manifestations of Plaintiff's symptoms and, in part, on Plaintiff's self-reporting and descriptions of his own conditions"). Absent "a more accurate characterization of the record," the undersigned "cannot find that the ALJ's rejection of [Dr. Fitz's] opinion was proper and supported by substantial evidence." *Id*. at 527–28.

**IV.**

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966,

8

973 (6th Cir. 1985). In this case, the evidence of disability is not overwhelming. Therefore, a remand for further proceedings is proper.

## V.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date: June 25, 2020                             s/ Michael J. Newman
                                                Michael J. Newman
                                                United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).  Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).